## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

BEVERLY BEREN, BERNADETTE
SEPRISH, PAHOUA LEE, AMY SORIANO, ANNE
ROBINSON, SITA MONTI, JEAN REEVE,
HARRIET PATTERSON, and ANDREA DUDA
on behalf of themselves and all similarly situated,

       Plaintiffs,

                                  Case No. 07C 5450

vs.

RAYMOND JAMES FINANCIAL, INC. AND ALL
RELATED SUBSIDIARIES, INCLUDING
RAYMOND JAMES AND ASSOCIATES;
RAYMOND JAMES FINANCIAL SERVICES,
INC.; AND EAGLE ASSET MANAGEMENT,

       Defendants.

_____/


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT, AND MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927

Anne Marie Estevez, Esq., *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendants
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2339
Telephone:  305.415.3330
Facsimile:  877.432.9652
E-mail: aestevez@morganlewis.com

# TABLE OF CONTENTS

**Page**

I.   Introduction ........................................................................................................ 1

II.  Argument ............................................................................................................ 6

    A.   Plaintiffs' Title VII Claims Must Be Dismissed Because the Court Lacks
    Venue Pursuant to 42 U.S.C. § 2000e-5(f)(3) ...................................................... 6

    B.   Alternatively, the Court Should Transfer Plaintiffs' Claims to the Middle
    District of Florida Pursuant to 28 U.S.C. §§ 1404(a) & 1406 Because It Is
    the Most Convenient and Appropriate Forum to Resolve the Claims at
    Issue ...................................................................................................................... 9

        1.   The Court May Transfer This Case Pursuant to 28 U.S.C. § 1406............ 9

        2.   Even if Venue in This Court Is Proper, Transfer Pursuant to 28
        U.S.C. § 1404(a) Is Appropriate Due to Convenience of the Parties
        and Witnesses, and in the Interests of Justice .......................................... 9

    C.   Plaintiffs' Claims Against RJF and EAM Must Be Dismissed in Their
    Entirety Because RJF and EAM Are Not Subject to Personal Jurisdiction
    in Illinois ............................................................................................................ 11

        1.   Standard on Motion to Dismiss for Lack of Personal Jurisdiction .......... 12

        2.   The Illinois and Federal Constitutions Bar Personal Jurisdiction
        over RJF and EAM .................................................................................. 12

    D.   All Title VII and ADEA Claims Against RJA, RJFS, and EAM Must Be
    Dismissed, Because Plaintiffs' Claims Against Them Are Barred by the
    Statute of Limitations.......................................................................................... 17

    E.   Plaintiffs Failed to Exhaust Their Administrative Remedies ............................. 19

        1.   Plaintiffs Duda and Robinson Have Failed to Exhaust Their
        Administrative Remedies, and Their Title VII Claims Must Be
        Dismissed ................................................................................................ 20

        2.   All Plaintiffs Have Failed to Exhaust Their Administrative
        Remedies Against EAM, and the Title VII Claims Against EAM
        Must Be Dismissed ................................................................................. 22

    F.   Soriano, Monti, Reeve, and Patterson Fail to State a Claim Upon Which
    Relief May Be Granted, and Their Claims Must Be Dismissed ......................... 23

    G.   An Award of Fees and Costs to Defendants Is Appropriate Because
    Plaintiffs Filed the Complaint and Amended Complaint Without A
    Reasonable Inquiry into Proper Jurisdiction, and Persisted in Multiplying
    and Prolonging these Proceedings in this Court after the Indisputable
    Grounds for Dismissal Became Clear.................................................................. 24

III.  Conclusion ......................................................................................................... 26

-ii-

# TABLE OF CASES

**Page**

## FEDERAL CASES

*A've v. Svc. Employees Int'l, AFL-CIO*, 24 Fed. Appx. 326 (6th Cir. 2001)......................23

*Allen v. Isaac*, 99 F.R.D. 45 (N.D. Ill. 1983).......................................................................8

*Alyeska Pipeline Serv. v. Wilderness Society*, 421 U.S. 240 (1975).................................25

*Amochaev v. Citigroup Global Markets Inc.*, No. C-05-1298,
    2007 WL 484778 (N.D. Cal. 2007) ............................................................................8, 9

*Anderson v. Unisys Corp.*, 47 F.3d 302 (8th Cir. 1994) .....................................................21

*Asahi Metal Industrial Co. v. Superior Court*, 480 U.S. 102 (1987)................................16

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ....................................................15

*Calmedica v. Novoste Corp.*, No. 03C 3924, 2004 WL 413296 (N.D. Ill. 2004)...............7

*Central States, S.E. & S.W. Areas, Pension Fund v. Reimer Express World Corp.*,
    230 F.3d 934 (7th Cir. 2000) .........................................................................12, 16, 17

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).................................................................25

*Charlesworth v. Marco Manufacturing Co.*, 878 F. Supp. 1196 (N.D. Ind. 1995) ...........15

*Chicago, Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299 (7th Cir. 1955)..............10

*Dickerson v. Montgomery County Dist. Attorney's Office*, No. Civ. A. 04-CV-4454,
    2004 WL 2861869 (E.D. Pa. Dec. 10, 2004) ....................................................................1

*Divine/Whitman-Hart, Inc. v. King*, No. 02C 2486,
    2002 WL. 1611585 (N.D. Ill. 2002) ..........................................................................10

*Dukes v. Wal-Mart Stores, Inc.*, No. C01-2252,
    2001 WL 1902806 (N.D. Cal. 2001) ........................................................................8, 9

*Flemming v. United Parcel Svc.*, No. 03C 9391,
    2004 WL. 2314962 (N.D. Ill. Oct. 12, 2004).......................................................20, 21

*Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271 (D. Kan. 2006) ...................................24

*Gallo v. Board of Regents of University of California*,
    916 F. Supp. 1005 (S.D. Cal. 1995).............................................................................4

-iii-

# TABLE OF CASES
(continued)

**Page**

*Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
   621 F. Supp. 780 (N.D. Ill. 1985) ...........................................7

*Gitlitz v. Compagnie National Air France*, 129 F.3d 554 (11th Cir. 1997)....................21

*Gwin v. Reynolds & Reynolds Co.*, No. 01C 770,
   2001 WL 775969 (N.D. Ill. 2001) ...........................................7

*In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802 (9th Cir. 1991) ...............................8

*Hall v. Norfolk S. Railway Co.*, 469 F.3d 590 (7th Cir. 2006)..........................................19

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ......................13

*Henson v. CSC Credit Services*, 29 F.3d 280 (7th Cir. 1994)............................................4

*Heston v. Equifax Credit Info. Servs.*, No. 03C 2476,
   2003 WL 22243986 (N.D. Ill. 2003) ...................................10, 11

*Horton v. Jackson County Board of County Commissioners*,
   343 F.3d 897 (7th Cir. 2003) .........................................21

*Hyatt International v. Coco*, 302 F.3d 707 (7th Cir. 2002) .........................................12, 15

*IDS Life Insurance Co. v. SunAmerica Life Insurance Co.*,
   136 F.3d 537 (7th Cir. 1998) ...........................................17

*International Shoe Co. v. Wash.*, 326 U.S. 310 (1945)......................................................12

*Intermatic, Inc. v. Taymac Corp.*,
   815 F. Supp. 290 (S.D. Ind. 1993).........................................13

*Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir. 1984)......................................17

*Jyachosky v. Winter, No. Civ. A 04-01733*, 2006 WL 1805607 (D.D.C. 2006) .............7, 9

*Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223 (7th Cir. 1984) ...................................25

*L.H. Carbide Corp. v. Piece Maker Co.*, 852 F. Supp. 1425 (N.D. Ind. 1994) ................14

*Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431 (9th Cir. 1993)............................19

-iv-

# TABLE OF CASES
(continued)

**Page**

*Loyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989)...................................................17

*McCarthy v. KFC Corp.*, No. 84C 994, 1984 WL 1048 (N.D. Ill. 1984)......................7, 9

*Milwaukee Concrete Studios, Ltd. v. Fjeld Manufacturing Co., Inc.*,
    8 F.3d 441 (7th Cir. 1993) ...........................................................................25

*MLR, LLC v. Kyocera Wireless Corp.*, No. 04C 7044,
    2005 WL 818399 (N.D. Ill. 2005) ................................................................10

*Mooney v. ARAMCO Svcs. Co.*, 54 F.3d 1207 (5th Cir. 1995)..........................................21

*Moore v. Motor Coach Industrial, Inc.*, 487 F. Supp. 2d 1003 (N.D. Ill. 2007) ..............10

*Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1995)............................................9

*Ogletree v. McNamara*, 449 F.2d 93 (6th Cir. 1971) ......................................................24

*Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597 (7th Cir. 2001).................................22, 23

*Ordower v. Feldman*, 826 F.2d 1569 (7th Cir. 1987) ......................................................25

*Pagan v. Calederon*, 448 F.3d 16 (1st Cir. 2006).............................................................24

*Pennoyer v. Neff*, 95 U.S. 714 (1878) .............................................................................12

*Plaintiffs A, B, C, D, E, F v. Jiang Zemin*,
    282 F. Supp. 2d 875 (N.D. Ill. 2003) ................................................12, 13, 15

*Portnoy v. Wherehouse Entertainment Co.*, 120 F.R.D. 73 (N.D. Ill. 1988)....................25

*Purdue Research Found. v. Sanofi-Synthelabo S.A.*,
    338 F.3d 773 (7th Cir. 2003) ...............................................................13, 14

*Quarles v. General Investment & Development Co.*,
    260 F. Supp. 2d 1 (D.D.C. 2003) ..................................................................8

*RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1997) ...............................12, 15

*Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777 (W.D. Pa. 2000)..................................4

*Rollins v. Ellwood*, 565 N.E.2d 1302 (1990) ..................................................................13

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

## TABLE OF CASES
(continued)

Page

*Romann v. Geissenverger Manufacturing Corp.*,
   865 F. Supp. 255 (E.D. Pa. 1994) .......................................................................15

*Savacool v. Fitzgerald Mercy Catholic Medical Ctr.*, Civ. A. No. 92-2142,
   1992 WL 185611 (E.D. Pa. July 21, 1992) ...........................................................1

*Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989) ................20, 22, 23

*Shea v. Esensten*, 208 F.3d 712 (8th Cir. 2000) ..........................................................18, 19

*Spherion Corp. v. Cincinnati Finance Corp.*,
   183 F. Supp. 2d 1052 (N.D. Ill. 2002) ...................................................................8

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ...........................................9

*In re TCI, Ltd.*, 769 F.2d 441 (7th Cir. 1985) ..............................................................25

*Thompson v. Larkins*, 46 F.3d 1134 (7th Cir. 1995) ........................................................18

*Threadgill v. Moore, U.S.A., Inc.*, 269 F.3d 848 (7th Cir. 2002) ......................................17

*Travelers Casualty & Surety Co. v. Interclaim (Bermuda) Ltd.*,
   304 F. Supp. 2d 1018 (N.D. Ill. 2004) .................................................................13

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006) ..............................15

*United States v. Trucking Employers, Inc.*, 72 F.R.D. 98 (D.D.C. 1976) ............................8

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................................................................9

*Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238 (7th Cir. 1983) ......................................22

*Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990) ...............................13

*World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ...........................15

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ...............................................19

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Defendants Raymond James Financial, Inc. ("RJF"), Raymond James and Associates ("RJA"), Raymond James Financial Services, Inc. ("RJFS"), and Eagle Asset Management, Inc. ("EAM") (collectively, "Defendants") submit the following Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss").

## I.  INTRODUCTION

On September 26, 2007, Plaintiffs Beverly Beren, Bernadette Seprish, and Pahoua Lee initiated this action by filing a Complaint against RJF alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended ("Title VII"), the Equal Pay Act, 29 U.S.C. § 206 ("EPA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").  RJF quickly moved to dismiss Plaintiffs' Complaint in its entirety, because, despite Plaintiffs' multiple attempts to muddy the waters, venue was (and remains) improper in this Court, and because the Court lacks personal jurisdiction over RJF.

After obtaining an extension of time to respond to RJF's motion to dismiss based on their representation to the Court that Plaintiffs' lead counsel was unavailable for approximately four weeks leading up to their original response due date, and on the day before their response was due, Plaintiffs filed an Amended Complaint, and added six individuals – Amy Soriano, Anne Robinson, Sita Monti, Jean Reeve, Harriet Patterson and Andrea Duda (collectively with Beren, Seprish, and Lee, "Plaintiffs") – as named plaintiffs.  The Amended Complaint also added defendants RJA, RJFS, and EAM, none of whom were named as defendants in the previous Complaint.[1]  Although Plaintiffs' Amended Complaint technically mooted RJF's first motion to

---

[1]     The caption of Plaintiffs' Amended Complaint states that this case is against "Raymond James Financial, Inc. *and all related subsidiaries*, including Raymond James and Associates; Raymond James Financial Services, Inc.; and Eagle Asset Management."  Am. Compl. p. 1 (emphasis added).  In addition, the body of Plaintiffs' Amended Complaint asserts that Plaintiffs file their Amended Complaint not only against the Defendants, but also against Raymond James Bank, FSB, and Raymond James, Ltd.  This attempt to name all RJF subsidiaries as defendants in the Amended Complaint is plainly improper for several reasons.  First, the caption of a complaint *must* include the names of *all* parties.  Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties…"); *Savacool v. Fitzgerald Mercy Catholic Med. Ctr.*, Civ. A. No. 92-2142, 1992 WL 185611, at *2 (E.D. Pa. July 21, 1992) (dismissing plaintiff's complaint for failure to comply with Rule 10(a)).  It is particularly improper to reference all related subsidiaries of RJF because RJF has over 90 subsidiaries worldwide, and these independent entities cannot be forced to guess whether they are parties to this lawsuit.  *See* Matecki Aff. ¶ 15; *Dickerson v. Montgomery County Dist. Attorney's Office*, No. Civ. A. 04-CV-4454, 2004 WL 2861869, at *3 (E.D. Pa. Dec. 10, 2004) (holding that at a minimum a complaint must have a caption that clearly indicates which parties the plaintiff is suing, so putative defendants are not required to speculate as to whether or not they are parties to a lawsuit).  And, because none of the Plaintiffs ever worked for any

dismiss and prolonged these proceedings, it failed to remedy any of the problems that continue to warrant an immediate dismissal and/or transfer of this case, and indeed, added several new bases for dismissal. Thus, Defendants have been forced to expend substantial time and resources briefing clear-cut issues for a second time, when Plaintiffs should have voluntarily addressed the deficiencies in their Complaint and Amended Complaint months ago. [2]

First, Plaintiffs conspicuously omit from their Complaint and Amended Complaint any allegation that venue is proper in the Northern District of Illinois for any of their claims. In fact, as Plaintiffs and their experienced counsel know and have known, all of Plaintiffs' Title VII claims must be dismissed for improper venue. As defendant RJF argued at the first hearing in this case,[3] under Title VII's specific and unambiguous venue provision, Title VII claims may be asserted only in the district where: (a) the alleged unlawful employment practice occurred; (b) the relevant employment records are maintained and administered; or (c) the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). If the defendant cannot be found in any of these three districts, a Title VII claim may be brought where the defendant has its principal office. In this case, the Middle District of Florida

---

entity other than RJFS, RJA, or EAM, it would be especially impossible to ascertain which of RJF's more than 90 subsidiaries Plaintiffs intend to haul into this case. Finally, only the specifically named Defendants in this action have been served with process.

[2]      After realizing that their claims against RJF unquestionably were subject to dismissal, the original plaintiffs attempted to confuse the issues raised herein by serving RJFS and RJA with process for the original Complaint, even though none of the newly named subsidiaries were named as defendants at the time. Indeed, the plaintiffs even changed the caption of this case on some of the summonses they asked the Clerk of the Court to execute, so that it appeared to the Clerk that the Court was issuing a summons for a properly named defendant, as required by Fed. R. Civ. P. 4(a). *See* Summons in a Civil Case to Raymond James Financial, Inc. d/b/a Raymond James & Associates, Inc., attached hereto as Exhibit "A"; Summons in a Civil Case to Raymond James Financial Services, Inc., attached hereto as Exhibit "B". A few days later, Plaintiffs filed their Amended Complaint. Thus, one can presume that the original plaintiffs' service (or attempted service) of the original Complaint on entities that were not named as defendants was a ploy to confuse the Court and Defendants, or to set up some sort of argument for their response to this inevitable Motion to Dismiss. The subsidiaries that had been served with process intended on moving to quash the defective summons, or otherwise moving to dismiss based on insufficient process and insufficient service of process. However, before Defendants had an opportunity to file that motion, Plaintiffs filed their Amended Complaint and mooted the issue.

[3]      Indeed, although the original plaintiffs first hauled RJF into Court on zero business days notice (DE # 8), less than two weeks after filing the Complaint, and over a month before RJF's response to the Complaint was due, RJF was still prepared to address the fundamental defects in this case because of the basic, unequivocal law and incontrovertible facts indicating that venue is improper, there is no personal jurisdiction over RJF, and RJF is plainly entitled to an immediate dismissal.

2

is the only location that satisfies any (and all) of the four venue provisions for all but one of the Plaintiffs' Title VII claims.  Moreover, Title VII's venue provisions are satisfied for the remaining named plaintiff, Andrea Duda, only in Michigan – not Illinois.

As even the allegations in the Complaint and Amended Complaint demonstrate, Plaintiffs' employment with various Raymond James subsidiaries had absolutely no connection to Illinois.[4]  In their Amended Complaint, Plaintiffs admit that they only worked for RJF subsidiaries in Florida, Georgia, and Michigan.  Compl. ¶ 15; *see also* Affidavit of Donald K. Runkle ("Runkle Aff.") ¶ 4, attached hereto as Exhibit "C"; Affidavit of Stephen G. Hill ("Hill Aff.") ¶ 5, attached hereto as Exhibit "D"; Affidavit of Barbara Galloway ("Galloway Aff.") ¶ 5, attached hereto as Exhibit "E".  Indeed, eight of the nine named Plaintiffs – Beren, Seprish, Lee, Soriano, Robinson, Monti, Reeve, and Patterson – only worked in Florida during the relevant statutory period; and plaintiff Duda only worked in Michigan.[5]  Accordingly, all of the alleged employment actions giving rise to their claims occurred in Florida or, for Duda only, in Michigan, and all of the personnel and company documents pertinent to this case are located in Florida or, for Duda only, in Michigan.  Runkle Aff. ¶¶ 6, 7; Hill Aff. ¶ 6, 7; Galloway Aff. ¶¶ 6, 7.  In addition, all Defendants' corporate headquarters are located in St. Petersburg, Florida. Compl. ¶ 3, Affidavit of Paul L. Matecki ("Matecki Aff.") ¶ 5, attached hereto as Exhibit "F"; Runkle Aff. ¶ 10; Hill Aff. ¶ 10; Galloway Aff. ¶ 10.  Further, even the original plaintiffs initially recognized that their claims were properly asserted in Florida, as they filed all of their charges of discrimination with the Tampa, Florida office of the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.  Runkle Aff. ¶ 10. Thus, Plaintiffs do not and cannot allege a single fact connecting their claims to Illinois. Nonetheless, Plaintiffs chose to file their Complaint in the wrong court, where Plaintiffs' counsel regularly practice.  And, despite the fatal defects in their choice of venue and the unambiguous law and abundant cases finding that such filings are in bad faith, Plaintiffs have refused to dismiss and re-file their claims in the proper forum.

---

[4]     None of the Plaintiffs were employed by RJF.  Matecki Aff. ¶ 4.  Rather, during the relevant time period, all of the Plaintiffs were employed by RJFS, RJA, or EAM.  Runkle Aff. ¶ 5; Hill Aff. ¶ 5; Galloway Aff. ¶ 5.

[5]     While Beren previously worked in Georgia, she relocated to Florida in March 2004 and thus never worked outside of Florida during the relevant statutory period.  Runkle Aff. ¶ 4.

3

Second, assuming the Court chooses to consider any issue other than the improper venue, which alone warrants an immediate dismissal of the case, all claims against RJF and EAM also must be dismissed in their entirety because the court does not have personal jurisdiction over RJF or EAM.  Plaintiffs' Complaint and Amended Complaint both fail to allege that either RJF or EAM have any relationship with the state of Illinois such that the assertion of jurisdiction over them in this case is permissible under the Illinois long-arm statute or the Due Process Clause. Indeed, personal jurisdiction over RJF and EAM is absent because neither RJF nor EAM have any significant connection to Illinois.  As Defendants have repeatedly told Plaintiffs, RJF is not registered to do business in Illinois, does not have an office or telephone listing in Illinois, does not sell any goods or services in Illinois, does not solicit or advertise in Illinois, and has no employees in Illinois.  *See* Matecki Aff. ¶¶ 7-10, 12-13.  Rather, RJF's only office and all of its employees are located in Florida.  *Id.* at ¶¶ 8, 10.  Similarly, EAM does not have an office or telephone listing in Illinois, does not own property in Illinois, and does not have any employees in Illinois.  Hill Aff. ¶¶ 12-15.  And, although EAM has a small number of clients in Illinois, and thus, is registered to do business in Illinois as required by law, its limited business contacts with the state are insufficient to allow Illinois courts to exercise general jurisdiction over it for claims, such as Plaintiffs' claims herein, that arose in other states.  Hill Aff. ¶ 16.

Third, Plaintiffs' Title VII and ADEA claims against the newly added subsidiary defendants – RJFS, RJA, and EAM – also must be dismissed because they are completely time-barred.  *See* Notice of Right to Sue from EEOC to Beren, attached hereto as Exhibit "G"; Notice of Right to Sue from EEOC to Seprish, attached hereto as Exhibit "H"; Notice of Right to Sue from EEOC to Lee, attached hereto as Exhibit "I" (collectively, "Right-to-Sue Notices").[6]  The original plaintiffs filed their original Complaint exactly 90 days after the EEOC sent them Right-to-Sue Notices, and thus, as their statutes of limitation on their Title VII and ADEA claims were about to expire.  And, in their original Complaint, the plaintiffs named *only* RJF – a parent

---

[6]     Although Plaintiffs referenced the Right-to-Sue Notices received by Beren, Seprish, and Lee in their Amended Complaint (Am. Compl. ¶ 107), they did not attach copies of the Notices.  Nonetheless, a court may consider right-to-sue notices and charges of discrimination in deciding a motion to dismiss when the documents are referenced in the plaintiff's complaint.  *See, e.g., Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp 1005, 1007 (S.D. Cal. 1995); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000); *Henson v. CSC Credit Serv's*, 29 F.3d 280, 284 (7th Cir. 1994) ("'The district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment.").

4

company that never employed any of the Plaintiffs and would never be liable to them on their employment-related claims – as a Defendant, despite the original plaintiffs' unmistakable knowledge of Defendants' corporate structure and that they were employed by RJFS, not RJF. See, e.g., Compl., p.1, n.1 & ¶ 3.  After they decided to sue only RJF in a state with no connection to this case or RJF, Plaintiffs attempted to address the venue and personal jurisdiction defects in their case by serving process for the original Complaint on non-named defendants (apparently pretending that the subsidiaries always had been defendants),[7] and finally filing an Amended Complaint that added RJA, RJFS, and EAM to this case.  However, despite Plaintiffs' frantic attempts to muddy the waters and confuse the issues by serving multiple summonses on unnamed defendants, drafting captions that purport to name over 90 non-specified defendants,[8] and other procedural mischief (which Defendants immediately recognized for what it was), the date of filing of Plaintiffs' Amended Complaint does not relate back to the date of filing of Beren's, Seprish's and Lee's original Complaint under Rule 15 of the Federal Rules of Civil Procedure.  Thus, because Plaintiffs filed their Amended Complaint against their employers more than 90 days after receiving their Right to Sue Notices from the EEOC, Plaintiffs' Title VII and ADEA claims against RJFS, RJA, and EAM are time-barred and must be dismissed with prejudice.

Fourth, plaintiffs Duda's and Robinson's Title VII claims must be dismissed for failure to exhaust administrative remedies.  Before an individual may pursue a Title VII claim in court, he or she must file a charge of discrimination with the EEOC, wait while the EEOC investigates and, potentially, attempts conciliation, and then receive a right-to-sue notice from the EEOC. This administrative exhaustion requirement is subject to a very limited exception under the single filing rule, which provides that plaintiffs and class members who have not filed their own charges of discrimination may, in specific circumstances, "piggyback" on the timely filed charges of discrimination of a co-plaintiff.  Plaintiffs Duda and Robinson, however, have filed their own charges of discrimination (Am. Compl. p. 37, n. 10), and according to the terms of the

---

[7]    See note 2 *supra*.

[8]    See note 1 *supra*.

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

single filing rule can no longer piggyback on the original plaintiffs' charges of discrimination, but must wait until the administrative procedure on their charges is exhausted.[9]

Fifth, Plaintiffs also failed to exhaust administrative remedies against EAM. Although Plaintiffs Beren, Seprish, and Lee filed lengthy charges of discrimination that named RJF and RJFS as respondents, and at least acknowledged in passing RJA, none of their charges named EAM as a respondent, or so much as mentioned the company. Thus, EAM has not had the benefit of the administrative process and the potential for conciliation mandated by Congress, and any Title VII claims against it are premature and should be dismissed.

Sixth, and finally, all of plaintiffs Soriano's, Reeve's, Patterson's, and Monti's claims must be dismissed for failure to state a claim upon which relief can be granted. Although the Plaintiffs filed a 50-page Amended Complaint with close to 200 paragraphs, they neglected to make any allegations regarding Soriano's, Reeve's, Patterson's, and Monti's claims, leaving Defendants to guess about the numerous other deficiencies in these plaintiffs' claims that might become apparent with even the barest allegations.

In short, Plaintiffs' multiple attempts to veil the obvious procedural failures in this case have been futile. Plaintiffs did not name the proper defendants in the original Complaint and filed their Amended Complaint too late; venue is improper; RJF and EAM are not subject to personal jurisdiction; and Plaintiffs failed to exhaust administrative remedies and/or failed to state a claim upon which relief can be granted. And, for these reasons, pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6), this Court should dismiss Plaintiffs' claims.

## II. ARGUMENT

### A.   Plaintiffs' Title VII Claims Must Be Dismissed Because the Court Lacks Venue Pursuant to 42 U.S.C. § 2000e-5(f)(3).

Plaintiffs' Title VII claims should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406. Title VII contains a special, exclusive venue provision

---

[9]      Without further information on the facts underlying plaintiffs Soriano's, Patterson's, Reeve's, and Monti's claims and whether they filed their own charges of discrimination with the EEOC, Defendants cannot move to dismiss those claims for failure to exhaust administrative remedies at this time. However, Defendants expect that those plaintiffs also impermissibly failed to exhaust the EEOC's administrative procedure.

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

that is much narrower than, and supersedes, the general federal venue statute.  Under this statutory venue provision, actions under Title VII may be brought only in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *see also Gwin v. Reynolds & Reynolds Co.*, No. 01 C 770, 2001 WL 775969, at *1 (N.D. Ill. 2001) ("42 U.S.C. § 2000e-5(f)(3) is the exclusive venue provision of all Title VII discrimination actions.").[10]  Plaintiff has the burden of establishing that venue is proper under this provision.  *Gwin*, 2001 WL 775969, at *1.

This Court undoubtedly lacks venue over Plaintiffs' Title VII claims pursuant to 42 U.S.C. § 2000e-5(f)(3).  As noted above, Plaintiffs do not attempt to claim in their Amended Complaint that venue is proper, probably because such a claim would run afoul of Plaintiffs' and their attorneys' obligations under Fed. R. Civ. P. 11.[11]  Indeed, Plaintiffs admit that they were employed by various Raymond James subsidiaries in Florida, Georgia, and Michigan only. Compl. ¶ 15; *see also* Runkle Aff. ¶ 4; Hill Aff. ¶ 5; Galloway Aff. ¶ 5.   All of the decisions

---

[10]     If the Court determines that it does not have personal jurisdiction over RJF and EAM (*see* section II.B. *infra*), then venue over Plaintiffs' ADEA and EPA claims likewise is improper. Unlike Title VII, the EPA and ADEA do not contain specific venue provisions, so venue for those claims is governed by 28 U.S.C. § 1391.  *See McCarthy v. KFC Corp.*, No. 84 C 994, 1984 WL 1048, at *2 (N.D. Ill. 1984) (applying § 1391 to EPA claim); *Jyachosky v. Winter*, No. Civ. A 04-01733, 2006 WL 1805607, at *3 (D.D.C. 2006) (applying § 1391 to ADEA claim).  Under § 1391, Plaintiffs' ADEA and EPA claims may be brought in a "judicial district where any defendant resides," which, for corporations, means "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(b)-(c).  Thus, because this Court lacks personal jurisdiction over RJF and EAM, venue for purposes of the EPA and ADEA claims is improper.

[11]     Indeed, the only connection between Plaintiffs and Illinois is the irrelevant fact that they have hired Illinois attorneys, and one can surmise that the only reason Plaintiff filed this case in the Northern District of Illinois (as their statutes of limitation were about to expire) is because their attorneys are located in this district and regularly practice in this Court.  Nonetheless, "the convenience of counsel is not one of the factors to be considered" in determining whether venue is appropriate.  *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 782 (N.D. Ill. 1985); *see also Calmedica v. Novoste Corp.*, No. 03 C 3924, 2004 WL 413296, at *3 (N.D. Ill. 2004).

regarding Plaintiffs' employment – including their pay, performance reviews, promotions, transfers, and terminations – occurred in Georgia (for Beren, until March 1, 2004), Michigan (in part, for Duda),[12] and primarily in Florida.  Runkle Aff. ¶ 5; Hill Aff. ¶ 6; Galloway Aff. ¶ 6. There are no records relating to Plaintiffs' employment, job performance, pay rates, promotions, transfers, or terminations located in Illinois.  Runkle Aff. ¶ 7; Hill Aff. ¶ 7; Galloway Aff. ¶ 7. And, all of the Plaintiffs either continue to work for Raymond James subsidiaries in Michigan and Florida (Duda and Robinson, respectively), or would have continued to work for Raymond James subsidiaries in Florida but for their terminations from employment.  Runkle Aff. ¶ 8; Hill Aff. ¶ 9; Galloway Aff. ¶ 9.

Since all of the pertinent dealings between Plaintiffs and Defendants occurred in Florida, Georgia, and Michigan, and not in Illinois, Plaintiffs cannot establish venue pursuant to Title VII's venue provision in the Northern District of Illinois.  As such, the Court should dismiss Counts I, III, IV, V, XI, and XII of the Amended Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406.[13]  The Court's decision to dismiss Plaintiffs' claims would be particularly appropriate in these circumstances, where Plaintiffs' bad faith is demonstrated by their failure to even allege in their Amended Complaint that venue is proper in this Court, the complete lack of any connection between Illinois and Plaintiffs or their employment with Raymond James subsidiaries, and Plaintiffs' dilatory tactics in filing an Amended Complaint that failed to cure the venue issues raised in RJF's initial motion to dismiss. *See generally Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059-60 (N.D. Ill. 2002) (where lack of personal jurisdiction and improper venue are obvious, dismissal is appropriate); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804, 806 (9th Cir. 1991) (district court properly dismissed without prejudice case that Plaintiff filed in improper forum in bad

---

[12]     Duda's Title VII claims must be dismissed for failure to exhaust her administrative remedies prior to asserting her Title VII claims against Defendants in court (*see* section II.E.1. *infra*), and thus, the application of the Title VII venue provision to her claims should not factor into the venue analysis.

[13]     None of the Plaintiffs' Title VII claims is properly venued at this time.  However, even if Plaintiffs were to add a named plaintiff whose Title VII claim could be properly venued in Illinois, all of the named plaintiffs must satisfy Title VII's specific venue requirements. *See, e.g., Allen v. Isaac*, 99 F.R.D. 45, 57 (N.D. Ill. 1983); *Dukes v. Wal-Mart Stores, Inc.*, No. C01-2252, 2001 WL 1902806, at *5 (N.D. Cal. 2001); *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 13 (D.D.C. 2003); *Amochaev v. Citigroup Global Mkts. Inc.*, No. C-05-1298, 2007 WL 484778, at *1 (N.D. Cal. 2007); *cf. United States v. Trucking Employers, Inc.*, 72 F.R.D. 98, 100 (D.D.C. 1976).

faith); *Amochaev v. Citigroup Global Mkts., Inc.*, No. C-05-1298, 2007 WL 484778, at *1 (N.D. Cal. 2007) (dismissing plaintiff's claim because of evidence that plaintiff's counsel acted in bad faith); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1202 (4th Cir. 1995) (affirming dismissal where improper venue was tactic by plaintiffs' counsel and it was reasonably foreseeable that venue was improper).

**B.  Alternatively, the Court Should Transfer Plaintiffs' Claims to the Middle District of Florida Pursuant to 28 U.S.C. §§ 1404(a) & 1406 Because It Is the Most Convenient and Appropriate Forum to Resolve the Claims at Issue.**

**1.  The Court May Transfer This Case Pursuant to 28 U.S.C. § 1406.**

Although dismissal is entirely appropriate in this case, where venue is improper, a district court has the discretion to transfer the entire case in lieu of a dismissal "if it be in the interest of justice." 28 U.S.C. § 1406; *see also Dukes v. Wal-Mart Stores, Inc.*, No. C01-2252, 2001 WL 1902806, at *8 (N.D. Cal. Dec. 3, 2001) (severing and transferring claim of improperly venued plaintiff); *Jyachosky v. Winter*, No. Civ. A 04-01733, 2006 WL 1805607, at *4 (D.D.C. 2006) (transferring entire case, including properly venued ADEA claim and improperly venued Title VII claim); *McCarthy v. KFC Corp.*, No. 84 C 994, 1984 WL 1048, at *4 (N.D. Ill. 1984) (transferring entire case, including properly venued EPA claim and improperly venued Title VII claim). Here, if the Court determines that Plaintiffs' blatant noncompliance with the jurisdiction and venue requirements, and obvious bad faith in filing and maintaining this case in the Northern District of Illinois even after clearly learning of the jurisdictional defects, does not warrant dismissal, it should transfer this case to the Middle District of Florida.

**2.  Even if Venue in This Court Is Proper, Transfer Pursuant to 28 U.S.C. § 1404(a) Is Appropriate Due to Convenience of the Parties and Witnesses, and in the Interests of Justice.**

In addition, even if venue were technically proper in the Northern District of Illinois – which for Plaintiffs' primary Title VII claims, it is not – a district court may transfer an action to any other district court where the action "might have been brought" if doing so would serve "the convenience of parties and witnesses" or would be "in the interest of justice." 28 U.S.C. § 1404(a). The transfer statute gives the district court discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376

9

U.S. 612, 622 (1964)).  Under § 1404(a), courts ruling on motions to transfer consider a variety of private and public interests factors, including: (1) plaintiff's initial choice of forum; (2) the location where the claim arose; (3) the relative ease of access to sources of proof; (4) the location of the witnesses; (5) the availability of compulsory process for attendance of unwilling witnesses; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) public interest factors including congestion of court dockets, choice of law issues, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.  *See MLR, LLC v. Kyocera Wireless Corp.*, No. 04 C 7044, 2005 WL 818399, at \*1-3 (N.D. Ill. 2005); *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006-09 (N.D. Ill. 2007).  With due regard to these various factors, the facts in this case weigh heavily in favor of transfer.

First, Plaintiffs' initial choice of forum should be given little deference when the chosen forum has little or no connection to the operative facts of the lawsuit.  *See, e.g., Chicago, Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) ("A large measure of deference is due to the plaintiff's freedom to select his own forum.  Yet this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff."); *Heston v. Equifax Credit Info. Servs.*, No. 03 C 2476, 2003 WL 22243986, at \*1 (N.D. Ill. 2003). Here, as established above, the Northern District of Illinois has no connection whatsoever to this action.  Accordingly, this factor should not weigh against transfer.

Second, all of the factual circumstances giving rise to Plaintiffs' claims allegedly occurred while they were working for RJFS, RJA, or EAM in Florida, Michigan (for Duda only), or Georgia (for Beren only).  Runkle Aff. ¶ 5; Hill Aff. ¶ 5; Galloway Aff. ¶ 5.  Moreover, all of the personnel and company documents pertinent to this case are located in Florida or, to a very limited extent, Michigan.  Runkle Aff. ¶ 6; Hill Aff. ¶ 7; Galloway Aff. ¶ 7.

Third, the convenience of the parties and witnesses is one of the most important factors to be considered in a motion to transfer.  *See, e.g., Divine/Whitman-Hart, Inc. v. King*, No. 02 C 2486, 2002 WL 1611585, at \*8 (N.D. Ill. 2002) (finding that convenience of the witnesses is "often the deciding factor").  Significantly, the original named plaintiffs and most of the new plaintiffs themselves reside in Florida, and the original named plaintiffs filed their charges of discrimination in Florida.  Moreover, because all but one of the Plaintiffs worked in RJFS's, RJA's, and EAM's St. Petersburg, Florida location, it necessarily follows that employees who

10

may have information relevant to Plaintiffs' claims and who interacted with Plaintiffs during their employment are located in Florida.  Thus, the convenience of the parties and witnesses also weighs heavily in favor of transfer.

Finally, because the vast majority of alleged underlying acts took place in Florida and have no connection whatsoever to Illinois, Florida has a strong public interest in adjudicating this action.  *See, e.g., Heston*, 2003 WL 22243986, at *2 (transferring case in part because transferee state has interest in protecting its citizens, including the plaintiff).

In short, Plaintiffs' claims should be tried in the district in which they allegedly arose, which, for all but one of the Plaintiffs, is the Middle District of Florida.  While a plaintiff's choice of forum generally weighs against transfer, Plaintiffs' choice in this action is nullified because their claims have no connection to their chosen forum.  All of the other considerations, including the location of the alleged adverse employment actions, the location of Plaintiffs and their employers, the presence of witnesses in Florida, the presence of documents in Florida, and the local interest in resolving this action in the district where the underlying acts allegedly took place, favor transfer to the Middle District of Florida.  Therefore, if the Court is not inclined to dismiss Plaintiffs' claims based on the numerous meritorious grounds asserted herein, transfer to the Middle District of Florida is warranted.[14]

### C.   Plaintiffs' Claims Against RJF and EAM Must Be Dismissed in Their Entirety Because RJF and EAM Are Not Subject to Personal Jurisdiction in Illinois.

Plaintiffs' Amended Complaint never specifically alleges that either RJF or EAM are subject to personal jurisdiction in Illinois, and a review of Plaintiffs' numerous and detailed allegations confirms that none of the alleged discriminatory actions in this case occurred in Illinois.  Thus, as supported by the Affidavits of Paul L. Matecki and Stephen G. Hill attached hereto, Plaintiffs' Amended Complaint provides absolutely no basis to assert personal jurisdiction over RJF or EAM in Illinois, and Plaintiffs' claims against RJF and EAM must be dismissed.

---

[14]    Even if the Court dismisses Plaintiffs' Title VII claims, any remaining claims should be transferred to the Middle District of Florida pursuant to § 1404(a).

11

### 1.    Standard on Motion to Dismiss for Lack of Personal Jurisdiction

A federal district court looks to the law of the state in which it sits to determine whether it may assert personal jurisdiction over a nonresident defendant. Fed. R. Civ. P. 4(k)(1)(A) ("Service … is effective to establish jurisdiction over the person of a defendant … who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located"); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). In order for a district court to validly assert personal jurisdiction over a defendant, the court must determine whether state and federal due process considerations permit the exercise of jurisdiction, and whether there are statutory grounds for personal jurisdiction. The Illinois long-arm statute authorizes personal jurisdiction to the maximum extent permitted under the Illinois and United States Constitutions, thus collapsing the two inquiries into one. *See* ILL. COMP. STAT. 5/2-209(c); *Plaintiffs A, B, C, D, E, F v. Jiang Zemin*, 282 F. Supp. 2d 875, 887 (N.D. Ill. 2003); *Central States, S.E. & S.W. Areas, Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000).

In this Circuit, Plaintiffs bear the burden of establishing that personal jurisdiction exists. *RAR, Inc.*, 107 F.3d at 1276. Notably, Plaintiffs here have failed to make any allegation regarding personal jurisdiction over RJF or EAM.

### 2.    The Illinois and Federal Constitutions Bar Personal Jurisdiction over RJF and EAM.

Plaintiffs' attempt to haul RJF and EAM into court in a state where the companies have no offices, employees, or property, and where RJF conducts no business, is a violation of RJF's and EAM's due process rights under the state and federal constitutions. Because Illinois courts have not elucidated any "'operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction,'" the same constitutional analysis applies to both. *Jiang Zemin*, 282 F. Supp. 2d at 887 (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002)).

The Due Process Clause of the Fourteenth Amendment limits when a state may assert jurisdiction over nonresident individuals and corporations. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1878). Specifically, a defendant must have certain minimum contacts with the state so that the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v.*

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

*Wash.*, 326 U.S. 310, 316 (1945).  Similarly, the Illinois Constitution permits courts to assert jurisdiction over a non-resident "only when it is fair, just, and reasonable to require a nonresident to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois ...."  *Rollins v. Ellwood*, 565 N.E.2d 1302, 1315 (1990).

Within this framework, personal jurisdiction may be either general or specific.  General jurisdiction is proper only when a defendant has "continuous and systematic business contacts" with a state, such that the defendant may be sued in that forum regardless of the subject matter of the lawsuit.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  On the other hand, specific jurisdiction is proper when the defendant has less contact with the forum state but the litigation "arises out of or is related to" those contacts.  *Id.* at 414 n. 8.  Because this case does not arise out of any alleged contacts by RJF or EAM with Illinois, specific jurisdiction is inapplicable.  Furthermore, because RJF and EAM lack contacts with Illinois sufficient to justify the exercise of general jurisdiction, dismissal of the claims against RJF and EAM is appropriate.

### a.    Standard for General Jurisdiction

A defendant is subject to general jurisdiction in Illinois only if that defendant's contacts with Illinois are so extensive as to make it "fundamentally fair to require [the defendant] to answer in any [Illinois] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world."  *Jiang Zemin*, 282 F. Supp. 2d at 887 (quoting *Purdue Research Found. v. Sanofi-Synthelabo S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (emphasis in original)).  In determining whether general jurisdiction exists, courts consider the following factors: (1) the extent to which the defendant conducts business in Illinois; (2) whether the defendant maintains offices or employees in Illinois; (3) whether the defendant sends agents into Illinois to conduct business; (4) whether the defendant advertises or solicits business in Illinois; and (5) whether the defendant has designated an agent for service of process in Illinois.  *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1024 (N.D. Ill. 2004).  Because general jurisdiction allows the courts of a state to exercise their power over a defendant for conduct unrelated to the defendant's activities in the state, "the standard for establishing general jurisdiction is fairly high."  *Intermatic, Inc. v. Taymac Corp.*, 815 F. Supp. 290, 293 (S.D. Ind. 1993) (citing *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990)).

13

**b.**  **This Court Does Not Have General Jurisdiction over RJF.**

The pleadings and affidavits submitted in support of Defendants' Motion to Dismiss establish that RJF does not conduct *any* business in Illinois, and certainly does not have "continuous or systematic contacts" with the state of Illinois such as would subject it to general jurisdiction.  RJF is incorporated under the laws of Florida and has its principal place of business in St. Petersburg, Florida.  Matecki Aff. ¶¶ 6, 8.  RJF has no offices or employees in Illinois and owns no property there.  *Id.* at ¶¶ 8, 10, 14.  RJF does not conduct business in, or sell any goods or services in Illinois.  *Id.* at ¶ 12-13.  Finally, RJF does not have an agent for service of process in Illinois.  *Id.* at ¶ 11.

Clearly, RJF does not have sufficient contacts with Illinois to subject it to the jurisdiction of any Illinois court for lawsuits "arising out of *any* transaction or occurrence taking place *anywhere* in the world."  *Purdue Research Found.*, 338 F.3d at 787.  Thus, the assertion of general personal jurisdiction over RJF in this case inexorably would violate the Due Process Clause.

**c.**  **This Court Does Not Have General Jurisdiction over EAM.**

Likewise, for EAM to be subject to general jurisdiction in Illinois, EAM must have extensive, continuous and systematic contacts with the state of Illinois.

As established by the pleadings and affidavits submitted in support of this Motion, EAM's limited contacts with Illinois do not rise to the level necessary for general jurisdiction. EAM is incorporated under the laws of Florida and has its principal place of business in St. Petersburg, Florida.  Hill Aff. ¶¶ 10, 11.  EAM does not have any telephone listings, offices, facilities, or employees in Illinois, and owns no property there.  *Id.* at ¶¶ 12-15.  And although EAM is registered to do business in Illinois, as required in any state in which the financial services company has clients who own its accounts, its business activities in Illinois are extremely limited.  Indeed, EAM's few Illinois clients hold only approximately 2.42% of the total assets in EAM accounts.  *Id.* at ¶ 16.  Thus, EAM's minimal business in Illinois militates against the exercise of general jurisdiction.  *See L.H. Carbide Corp. v. Piece Maker Co.*, 852 F. Supp. 1425, 1433-34 (N.D. Ind. 1994) (finding that sales give rise to general jurisdiction only where the amount of sales is significant, and defendant's total annual in-state sales of 4.5% in 1989, 0.5% in 1990, 2.5% in 1991, 0.5% in 1992, and 8.0% in 1993 were insufficient for general

14

jurisdiction); *Charlesworth v. Marco Mfg. Co.*, 878 F. Supp. 1196 (N.D. Ind. 1995) (less than one percent of sales in-state); *Romann v. Geissenverger Mfg. Corp.*, 865 F. Supp. 255, 261 (E.D. Pa. 1994) (sales between 2% and 4% in-state); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171-75 (9th Cir. 2006) (stating that whether defendant's contacts support general jurisdiction turns on economic reality of defendant's activities rather on mechanical checklist; courts must consider, for example, whether defendant is incorporated and physically present there; longevity and continuity of physical presence in state; volume and economic impact of sales in state; and integration into state's regulatory or economic markets).

In the absence of any other meaningful contacts with Illinois, EAM does not have the "systematic and continuous" contacts necessary for the exercise of general jurisdiction. And because EAM lacks meaningful contacts with Illinois, the assertion of general personal jurisdiction over it in this case would violate the Due Process Clause.

**d.     This Court Does Not Have Specific Jurisdiction Over RJF or EAM.**

RJF's and EAM's contacts with Illinois also are insufficient to support specific jurisdiction. In specific jurisdiction cases, the analysis turns on whether a defendant has "purposefully established minimum contacts within the forum State," and whether such contacts would make personal jurisdiction reasonable and fair under the circumstances. *See RAR Inc. v. Turner Diesel Ltd.,* 107 F.3d 1272, 1277 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)). Thus, to determine that sufficient minimum contacts exist for the exercise of specific jurisdiction, a court must find that the defendant "should reasonably anticipate being haled into court [in the forum State]," because the defendant has "purposefully avail[ed] itself of the privilege of conducting activities" there. *Id.* (citations omitted).

Notably, "for specific jurisdiction to exist, the plaintiff's claims *must arise from* the defendant's contacts with the forum." *Jiang Zemin*, 282 F. Supp. 2d at 888 (emphasis added). The connection between a defendant's contacts with the forum and the claims asserted is particularly important "because it aims to give a degree of predictability to the legal system that allows potential defendants to structure their primary contacts with some minimum assurance as to where that contact will and will not render them liable to suit." *Hyatt Int'l*, 302 F.3d at 716 (citing *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Potential

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

defendants should have some control over − and certainly should not be surprised by − the jurisdictional consequences of their actions." *Id.*

Plaintiffs' Amended Complaint is devoid of any facts that would lead to even an inference that their causes of action against RJF and EAM arise from the companies' clearly limited to nonexistent contact with Illinois. Plaintiffs' claims of employment discrimination in Florida, Georgia, and Michigan simply have no connection whatsoever with Illinois. All of their claims involve people or entities in Florida, Georgia, and Michigan, and there are no allegations that any of the acts supporting their claims occurred anywhere but Florida, Georgia, and Michigan. And, all of the documents and witnesses relevant to Plaintiffs' claims are located in Florida or – for Duda – Michigan. In short, nothing alleged in the Amended Complaint even arguably implicates Illinois.

Apart from analyzing RJF's and EAM's contacts with Illinois, this Court must also evaluate whether the exercise of personal jurisdiction here would "comport with traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987). Courts consider the following factors in evaluating whether the exercise of personal jurisdiction is fair and reasonable: (1) the forum's interest in adjudicating the dispute; (2) the burden on the defendant; and (3) the plaintiff's interest in obtaining convenient and effective relief. *Id.*; *Central States,* 230 F.3d at 943. Each and every one of these factors cuts against the assertion of personal jurisdiction over RJF and EAM by this Court. RJF and EAM would be significantly burdened by having to come to Illinois, a state where they conduct little to no business, to defend themselves in this action which allegedly arose in Florida and, to a limited extent, Michigan. Further, this forum has no interest in adjudicating this dispute, which, again, arose solely in Florida and Michigan. Even the Plaintiffs are all located, and could obtain more convenient relief, in Florida or – for Duda only – in Michigan.

Despite RJF's total absence from Illinois, and the absence of any compelling interest for adjudicating this case in the state, Plaintiffs vaguely asserted in open court that RJF is somehow subject to personal jurisdiction in Illinois because its subsidiaries are subject to jurisdiction here. However, "constitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone ...." *Central States,* 230 F.3d at 943. Illinois courts exercise jurisdiction over parents of wholly-owned subsidiaries only where the corporate veil can be pierced or where the subsidiary's <u>only</u> purpose is to conduct the business of the

parents. *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998); *Central States,* 230 F.3d at 943. In the case where subsidiaries conduct their own businesses and jurisdiction is sought over the parent simply because it is the parent, jurisdiction is not proper. *IDS Life Ins. Co.*, 136 F.3d at 540. There is, therefore, no basis in this case for imputing personal jurisdiction over RJF simply based on the actions of its subsidiaries, because RJF and its subsidiaries operate as wholly separate entities, do not commingle assets, and observe corporate formalities such as maintaining separate accounting records and boards of directors. Matecki Aff. ¶ 15.

As discussed above, RJF and EAM have limited or no meaningful contact with Illinois, and Plaintiffs' allegations do not stem from any limited contacts RJF or EAM may have had with Illinois. All claims arise from dealings and between parties outside of Illinois. Under these facts, the Court cannot assert jurisdiction over RJF or EAM in this state.

### D.   All Title VII and ADEA Claims Against RJA, RJFS, and EAM Must Be Dismissed, Because Plaintiffs' Claims Against Them Are Barred by the Statute of Limitations.

The original plaintiffs filed their first Complaint on September 26, 2007, exactly 90 days after the EEOC sent them their Right to Sue Notices on June 28, 2007. *See* Right to Sue Notices. In their original Complaint, the plaintiffs named *only* RJF as a Defendant. Then, almost two months later, Plaintiffs filed an Amended Complaint adding as named defendants three subsidiaries of RJF – RJA, RJFS, and EAM. However, these subsidiary defendants are entitled to immediate dismissal of all Title VII claims against them, because Plaintiffs' Amended Complaint was not filed within 90 days of Beren's, Seprish's, and Lee's presumed receipt of their Right to Sue Notices, and therefore, their Title VII claims are time-barred.

"A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore, U.S.A., Inc.*, 269 F.3d 848 (7th Cir. 2002); *see also* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1608(e). "The time limit is not flexible, and a one day delay can be fatal." *Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir. 1984) (action time-barred when filed 92 days after notice received). Moreover, a plaintiff is presumed, under Seventh Circuit precedent, to have received her right-to-sue notice within five days of its mailing. *See Loyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989). Thus, because Beren's, Seprish's, and Lee's Right to Sue Notices are dated June 28, 2007, Plaintiffs are presumed to

17

have received them by July 3, 2007, and they were required to file any Title VII claims by no later than October 1, 2007.  Since they failed to assert any Title VII claims against RJA, RJFS, or EAM, or even name them as defendants, by October 1, 2007, those claims, which were not brought until November 13, 2007, are time-barred.

Although there are limited circumstances in which the date of filing of an amended complaint relates back to the date of filing of the original complaint for purposes of the statute of limitations, this case does not present such circumstances. When an amended complaint adds new parties to the case, the amended complaint relates back to the original complaint only if: (1) the newly named party receives notice of the suit or becomes aware of the misidentification in the pleadings within 120 days of the filing of the original complaint (or longer if good cause is shown for an extension of the service period), and will not be prejudiced in maintaining a defense on the merits; and (2) there has been a mistake made concerning the identity of the proper party and the newly named party is chargeable with knowledge of the mistake.  Fed. R. Civ. P. 15(c)(3); *Thompson v. Larkins*, 46 F.3d 1134 (7th Cir. 1995).

Plaintiffs' Amended Complaint does not relate back to the date of filing of the original Complaint because there is no conceivable argument that the original plaintiffs made a "mistake concerning the identity of the proper party" within the meaning of Fed. R. Civ. P. 15(c)(3)(B). Under the federal rule, there is no mistake in the original pleading where a plaintiff knew the identity of the newly named party at the time of filing the original complaint, but chose not to sue that party at the time. *See Shea v. Esensten*, 208 F.3d 712 (8th Cir. 2000) (finding no relation back and no mistake where plaintiff knew the newly named party at the time she filed the original complaint).  The original plaintiffs did not make a "mistake" by naming only RJF as a defendant in the original pleading.  To the contrary, the plaintiffs, who have been represented by the same attorneys (Stowell & Friedman, Ltd.) since the inception of this matter and during the EEOC proceedings, have made it abundantly clear that they were fully aware of the various Raymond James entities and the corporate structure of RJF and its subsidiaries, as evidenced by the detailed allegations in their Charges of Discrimination and the original Complaint. *See, e.g.*, Beren Charge of Discrimination ("Beren Charge"), attached hereto as Exhibit "J"; Seprish Charge of Discrimination ("Seprish Charge"), attached hereto as Exhibit "K"; Lee Charge of Discrimination ("Lee Charge"), attached hereto as Exhibit "L" (collectively, "Charges of Discrimination").

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

And, even if the original plaintiffs could argue that they did not understand which Raymond James entities were their employers (which they cannot), a plaintiff's misunderstanding about who is liable for her injury is not a mistake as to the defendant's identity; rather, it is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. *Hall v. Norfolk S. Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (holding that plaintiff who sued non-employer on employment-related claim misunderstood who was liable on his claim, but did not make a mistake concerning the identity of the correct defendant). By virtue of their employment with the Raymond James subsidiaries, Plaintiffs knew which Raymond James entities actually employed them and could have been named as defendants on their employment-related claims. Nonetheless, the original plaintiffs presumably made a strategic choice to sue only RJF, the parent company, and intend to argue that RJF and its subsidiaries are a "common employer." Am. Compl. ¶ 3. Although Plaintiffs may have come to regret that strategic choice, Rule 15(c)(3) is not designed to permit relation back when plaintiffs regret such conscious choices. *See, e.g., Shea*, 208 F.3d at 720 ("[The plaintiff] did not bring the suit against the wrong parties.... She knew the identity [of the new defendant] but chose not to bring [him] into the suit at that time."); *Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993) ("[The plaintiff] thought [another company] was the successor-in-interest to [the new defendant] and was the proper party to sue. This explanation does not change the fact that [the plaintiff] knew [the new defendant] was the party for whose actions it sought indemnity. There was no mistake of identity [under Rule 15(c)], but rather a conscious choice of whom to sue."). Indeed, because Plaintiffs alleged in the Complaint and Amended Complaint and presumably intend to argue that RJF was their common employer, they implicitly acknowledge that naming RJF as the defendant in the Complaint was not a matter of mistaken identity. Accordingly, Plaintiffs' Amended Complaint does not relate back, and their Title VII and ADEA claims against RJA, RJFS, and EAM are time-barred.

### E.      Plaintiffs Failed to Exhaust Their Administrative Remedies.

Several of Plaintiffs' newly asserted Title VII claims are patently untenable, because they failed to comply with administrative prerequisites. Before a plaintiff may assert a Title VII claim in court, he or she must exhaust the congressionally mandated administrative procedure before the EEOC. 42 U.S.C. § 2000e-5; *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). That procedure, by statute, requires the EEOC to investigate and attempt, if appropriate, to

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

conciliate a claim.  42 U.S.C. § 2000e-5(b).  An allegedly aggrieved party may not pursue a claim in court until the EEOC has issued a right-to-sue notice.  *Id.* at § 2000e-5(f)(1).  The purpose of the exhaustion requirement is twofold: "First, it serves to notify the charged party of the alleged violation.  Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989).  Indeed, the requirement to exhaust administrative remedies under Title VII is strictly applied, and courts in this Circuit routinely dismiss claims of discrimination where, as here, this exhaustion requirement is not satisfied.  *See, e.g., Schnellbaecher*, 887 F.2d at 127; *Flemming v. United Parcel Svc.*, No. 03 C 9391, 2004 WL 2314962, at *2 (N.D. Ill. Oct. 12, 2004).

Here, as Plaintiffs admit in the Amended Complaint, plaintiffs Duda and Robinson filed charges with the EEOC, but have not received their Right to Sue Notices as required, and thus, their Title VII claims are premature.  Similarly, none of the Plaintiffs has exhausted administrative prerequisites against defendant EAM, which was not named in or implicated by the EEOC charges filed by plaintiffs Beren, Seprish, and Lee.  Accordingly, all Title VII claims against EAM, and all Title VII claims by Robinson and Duda, must be dismissed.

### 1. Plaintiffs Duda and Robinson Have Failed to Exhaust Their Administrative Remedies, and Their Title VII Claims Must Be Dismissed.

Plaintiffs plainly admit in their Amended Complaint that Robinson and Duda filed charges of discrimination with the EEOC but have not received the requisite right-to-sue notices. *See* Am. Compl. p. 37, n. 10 ("Robinson and Duda have filed additional representative Charges and have requested their Right to Sue letters ....").  Thus, Robinson's and Duda's Title VII claims must be dismissed, as they cannot maintain those claims until they have received right-to-sue notices.[15]

In some limited circumstances, plaintiffs can avoid the dismissal of their Title VII claims for failure to exhaust administrative remedies by invoking the "single filing rule."  The single filing rule permits a plaintiff who failed to file her own EEOC charge to join with other named

---

[15]    Plaintiffs also failed to allege that Robinson and Duda exhausted administrative remedies on their ADEA claims, and accordingly, those claims should be dismissed, or, at the very least, Plaintiffs must provide more detailed allegations regarding administrative exhaustion.

20

plaintiffs and "piggyback" on their timely compliance with the exhaustion requirements, under certain limited circumstances. *Horton v. Jackson County Bd. of County Commiss.*, 343 F.3d 897, 899-901 (7th Cir. 2003) (limiting the application of the single filing rule to circumstances where the co-plaintiffs suffered the *same discriminatory treatment* during the *same time frame*). However, the Seventh Circuit Court of Appeals has emphasized that the single filing rule must be narrowly construed so that it does not undermine Congress' intent that Title VII claims undergo the EEOC's investigation and conciliation process. *Id.* at 899-901.[16]

Here, Duda and Robinson cannot invoke the single-filing rule because they admittedly filed their own individual EEOC charges. Courts uniformly agree that a named plaintiff who has filed her own charge with the EEOC must rely on the time limits specified thereby, and can no longer piggyback on another person's charge of discrimination. *Gitlitz v. Compagnie National Air France*, 129 F.3d 554, 557 (11th Cir. 1997) ("[W]here a plaintiff has filed an individual EEOC charge, such a plaintiff should be required to rely upon his or her own EEOC charge, and cannot reasonably rely upon the other claimant's charge."); *Mooney v. ARAMCO Svcs. Co.*, 54 F.3d 1207, 1223-24 (5th Cir. 1995) ("[W]here the party wishing to piggyback has filed his own EEOC charge ... [h]e is bound by the parameters of his own EEOC charge, and cannot subsequently utilize the single filing rule ....") (abrogated on other grounds); *Flemming*, 2004 WL 2314962, at *2 (holding that a plaintiff who filed his own charge of discrimination could not piggyback on the charges of discrimination of co-plaintiffs). Even if plaintiffs piggyback on another employee's timely charge for some time, "once they file separate administrative charges, they cannot rely any further on the other claimants and actions ...." *Anderson v. Unisys Corp.*, 47 F.3d 302, 309 (8th Cir. 1994). Accordingly, as soon as plaintiffs Robinson and Duda filed their own charges with the EEOC, as they state they did in the Amended Complaint, they could no longer piggyback on the original plaintiffs' Charges of Discrimination. Now, Robinson and

---

[16]    In particular, plaintiffs should be required to undergo their own administrative process in situations where "[t]he initial complainant might fail to settle out of stubbornness, [and] litigation by the others might have been averted had they been forced to participate in the EEOC's conciliation process rather than being permitted to jump directly into court." *Horton*, 343 F.3d at 899. In sum, the EEOC's conciliation process "is a useful process and its use should be encouraged." *Id.* In this case, because Plaintiffs Robinson and Duda were employed by Raymond James companies that were not implicated by the original plaintiffs' Charges of Discrimination and did not have an opportunity to conciliate any claims against them, the single filing rule certainly should not apply to Robinson's and Duda's claims.

Duda must wait until the administrative procedure on their own charges is exhausted to proceed with their Title VII claims.[17]

> **2.      All Plaintiffs Have Failed to Exhaust Their Administrative Remedies Against EAM, and the Title VII Claims Against EAM Must Be Dismissed.**

Plaintiffs likewise have failed to exhaust administrative prerequisites with respect to EAM. Beren, Seprish, and Lee filed sizable charges of discrimination with the EEOC prior to filing this lawsuit. Beren's Charge of Discrimination itself stated that she was discriminated against by RJF and RJFS, and in her extensive attachment regarding the particulars of her allegations, she also mentioned RJA (despite the fact that she never worked for either RJA or RJF). *See* Beren Charge. Similarly, Seprish's and Lee's Charges of Discrimination named RJF as the respondent, and their detailed attachments describing their allegations also mentioned RJFS and RJA (again, despite the fact that Seprish and Lee never worked for RJA or RJF). *See* Seprish Charge; Lee Charge. However, *none* of the original plaintiffs ever filed a charge against EAM, or even so much as mentioned EAM in their extended Charges of Discrimination.[18]

In general, a defendant "not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the [defendant] had notice of the claim against it … and had an opportunity to conciliate on its own behalf." *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001); *see also Schnellbaecher*, 887 F.2d at 126-27 (stating that "a party named in a Title VII suit must have been named in a previous EEOC charge," unless the

---

[17]      It is unclear from the Amended Complaint whether Soriano, Patterson, Reeves, and Monti filed their own charges of discrimination. If they did, their claims also are premature and must be dismissed. If they did not, and are attempting to rely on the single-filing rule to piggyback on Beren's, Seprish's, and Lee's Charges of Discrimination, their claims must be dismissed nonetheless to the extent that Beren's, Seprish's, and Lee's claims are time-barred. *See, e.g., Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1245-46 (7th Cir. 1983) (holding that other plaintiffs can no longer piggyback on the charge of discrimination of a plaintiff whose claims are dismissed). Defendants also expect that there are substantial factual disparities in the Plaintiffs' claims that will bar the application of the single-filing rule, so that Soriano's, Patterson's, Reeve's, and Monti's claims would have to be dismissed later in the case for failure to exhaust.

[18]      RJA also anticipates that if this case proceeds, and after it develops a factual record, it will be able to show that Plaintiffs did not exhaust administrative remedies against it because RJA was not a respondent to Beren's, Seprish's, or Lee's Charges of Discrimination, was not implicated by those Charges, never employed the original plaintiffs, was not involved by the EEOC in its investigation, and thus, had no reasonable notice of any claims against it or an opportunity to conciliate.

22

unnamed party had adequate notice of the charge and "'had been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance'"); *A've v. Svc. Employees Int'l, AFL-CIO*, 24 Fed. Appx. 326 (6th Cir. 2001). Here, Plaintiffs have attempted to circumvent the administrative process to which EAM is entitled by asserting claims against it for the first time in Court.

Moreover, it would be ludicrous for Plaintiffs to argue that EAM, as well as all 92 of RJF's worldwide subsidiaries, had notice of the claims against them and an opportunity to conciliate on their own behalf because of the mere fact that they are subsidiaries of RJF. EAM was not named in Beren's, Seprish's or Lee's Charges of Discrimination, and had absolutely no connection to Beren's, Seprish's, or Lee's employment. Indeed, the Seventh Circuit Court of Appeals has foreclosed any such argument, and, addressing this precise situation, held that a company in a parent-subsidiary relationship with a company named in a charge of discrimination does not have notice and an opportunity to conciliate based on the mere fact of that relationship. *Schnellbaecher*, 887 F.2d at 127; *Olsen*, 267 F.3d at 604. In fact, even where the related companies have the same attorneys, such that the unnamed company might have had notice of the charge of discrimination, the unnamed company is still entitled to an opportunity to conciliate on its own behalf. *Schnellbaecher*, 887 F.2d at 125.

Accordingly, because EAM was not named in Beren's, Seprish's, or Lee's Charges of Discrimination (and since these are the only charges that have been through the complete EEOC administrative process), all Title VII claims against EAM must be dismissed.

**F.    Soriano, Monti, Reeve, and Patterson Fail to State a Claim Upon Which Relief May Be Granted, and Their Claims Must Be Dismissed.**

Although Plaintiffs filed an epic Amended Complaint that sets forth Beren's, Seprish's, Lee's, Robinson's, and Duda's allegations in support of their unique claims in great detail, they failed to make any specific allegations of discrimination by any defendant against Soriano, Monti, Reeve, or Patterson. Instead, the only allegations in the Amended Complaint applicable to Soriano, Monti, Reeve, and Patterson are a few vague, generalized "pattern or practice of discrimination" allegations. *See* Am. Compl. ¶¶ 5-14. However, contrary to the mandate and intent of notice pleading, which requires, at a minimum, that a plaintiff's complaint apprise a defendant of the actual claims against it, Plaintiffs' laundry list of "pattern or practice" allegations seem to encompass every potential type of gender discrimination possible (e.g.,

23

discriminatory failure to hire, underutilization, performance reviews, demotion, failure to promote, discharge, segregation, underpayment, and hostile work environment) – although, clearly, not all types of discrimination could apply to all named Plaintiffs.[19]

Plaintiffs' bloated "pattern or practice" allegations, without any individual allegations of discrimination, are insufficient to state a claim even under the liberal notice pleading standard of the Federal Rules of Civil Procedure. "Liberal as are the federal rules of pleading, something more than conclusory allegation [sic] of systematic racial discrimination is required. Some facts as to when, how, to whom, and with what results such discrimination has been applied would seem a minimum ...." *Ogletree v. McNamara*, 449 F.2d 93, 98-99 (6th Cir. 1971). In this case, Plaintiffs failed to "set forth minimal facts," and Defendants simply cannot determine the "who[,] what, when, where and why" of Soriano's, Monti's, Reeves' and Patterson's claims. *Pagan v. Calederon*, 448 F.3d 16, 31 (1st Cir. 2006). Moreover, without some allegations linking each of the Plaintiffs to the alleged system-wide discriminatory conduct, Plaintiffs fail to claim that they are entitled to any relief. *Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1277 (D. Kan. 2006) (holding that plaintiffs' complaint was deficient where it generally asserted discrimination in several respects, including pay practices, termination, promotions, discipline, etc., but failed to assert "allegations linking each plaintiff to a specific Title VII claim or legal theory"). Accordingly, because plaintiffs Soriano, Monti, Reeve, and Patterson have failed to provide Defendants adequate notice regarding the contours of their claims, the Court should dismiss their claims in their entirety.

**G.     An Award of Fees and Costs to Defendants Is Appropriate Because Plaintiffs Filed the Complaint and Amended Complaint Without A Reasonable Inquiry into Proper Jurisdiction, and Persisted in Multiplying and Prolonging these Proceedings in this Court after the Indisputable Grounds for Dismissal Became Clear.**

Pursuant to 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess

---

[19]     For example, Plaintiffs allege in their "pattern or practice" allegations that RJF and all of its related companies discriminatorily discharge women. Am. Compl. ¶¶ 8.a., 8.m. However, Robinson is still employed by EAM, and, hence, could not have been discriminatorily discharged, nor do the Robinson-specific allegations in the Amended Complaint assert the contrary. As this one example illustrates, Defendants cannot ascertain the nature of Soriano's, Reeve's, Monti's and Patterson's claim from the generalized "pattern of practice" allegations without specific allegations.

24

costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927; *see Ordower v. Feldman,* 826 F.2d 1569, 1574 (7th Cir. 1987) (lawyer's reckless indifference to the law supports § 1927 sanctions).[20] No express finding of subjective bad faith or intent to delay is required. S*ee Knorr Brake Corp. v. Harbil, Inc.,* 738 F.2d 223, 227 (7th Cir. 1984).

As set forth above, Plaintiffs' counsel did not allege proper venue in the Complaint or Amended Complaint, most likely because they could not make that allegation in good faith and while subject to Rule 11 of the Federal Rules of Civil Procedure. *Portnoy v. Wherehouse Entm't Co.,* 120 F.R.D. 73, 74 (N.D. Ill. 1988) (imposing Rule 11 sanctions where counsel alleged proper jurisdiction without reasonable inquiry); *see also Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.,* 8 F.3d 441, 449 (7th Cir. 1993) (suggesting that Rule 11 sanctions would be appropriate if no colorable argument could be made for venue). Even the most cursory of investigations would have revealed that RJF and EAM have no offices or employees in Illinois, and it should be well known to Plaintiffs' counsel that their clients never worked for RJF or any of its subsidiaries in Illinois. The obvious failure of counsel to make a reasonable inquiry as to fundamental jurisdictional facts *before* filing warrants an award of RJF's attorneys' fees and costs incurred in bringing and pursuing its original motion to dismiss. S*ee In re TCI, Ltd.,* 769 F.2d 441, 445 (7th Cir. 1985); *Ordower,* 826 F.2d at 1574. Moreover, while sanctions were warranted before because Plaintiffs' counsel filed the original Complaint without any colorable argument that jurisdiction or venue could be proper in the Northern District of Illinois, sanctions clearly are necessary now that Plaintiffs vexatiously engaged in a series of deceptions and procedural improprieties to attempt to mask the problems raised herein (including changing the caption of the case to obtain invalid summonses from the Court),[21] and frivolously have persisted in maintaining this case in this forum, after being fully apprised of the indisputable bases for dismissal. Thus, Plaintiffs' counsel should be required to pay all Defendants' attorneys' fees and costs incurred in bringing and pursuing the instant Motion to Dismiss.

---

[20]  This Court also may award Defendants their fees and costs caused by Plaintiffs' bad faith conduct in this case pursuant to its inherent power to control the proceedings before it. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 34 (1991) ("Courts have the inherent power . . . to control the conduct of those who appear before them"); *Ordower,* 826 F.2d at 1574; *Alyeska Pipeline Serv. v. Wilderness Soc'y,* 421 U.S. 240, 258-59 (1975).

[21] *See* notes 1 & 2 *supra.*

25

## III. CONCLUSION

Plaintiffs' last-ditch effort to avoid the necessary and complete dismissal of this case on RJF's original motion to dismiss by adding several new plaintiffs and defendants not only vexatiously failed to address the original and continuing grounds for dismissal, but added several new ones. Thus, for the plethora of reasons detailed above and summarized below, Defendants respectfully request that this Court dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6). Specifically: (1) All of Plaintiffs' Title VII claims should be dismissed for their persistent failure to file this case in the proper venue; (2) all claims against RJF and EAM should be dismissed for lack of personal jurisdiction; (3) all of Plaintiffs' Title VII and ADEA claims against RJA, RJFS, and EAM should be dismissed because the statute of limitations lapsed on those claims before Plaintiffs filed their Amended Complaint and added the new subsidiary defendants; (4) all Title VII claims against EAM should be dismissed for failure to exhaust administrative remedies with the EEOC by filing a charge of discrimination against EAM and obtaining a right-to-sue notice prior to filing suit; (5) all of Robinson's and Duda's Title VII claims should be dismissed for failure to exhaust administrative remedies by receiving a right-to-sue notice from the EEOC prior to filing suit; and (6) all of Soriano's, Reeve's, Monti's, and Patterson's claims should be dismissed for failure to state a claim. At a bare minimum, this Court should transfer this case (or any claims remaining in it) to the Middle District of Florida, for that court to determine the remainder of Defendants' Motion to Dismiss. Defendants also request that the Court sanction Plaintiffs' counsel under 28 U.S.C. § 1927 (or its inherent powers) for vexatiously multiplying these proceedings by failing to investigate jurisdiction and venue prior to filing the Complaint, and fruitlessly prolonging the pendency of this case in the Northern District of Illinois after multiple opportunities to file in the correct forum.

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Dated this 17th day of December, 2007.


Respectfully submitted,

> MORGAN, LEWIS & BOCKIUS LLP
> Counsel for Defendants Raymond James
> Financial, Inc., Raymond James and Associates,
> Raymond James Financial Services, Inc., and
> Eagle Asset Management, Inc.
>
> s/ Anne Marie Estevez
> Anne Marie Estevez, Esq., *pro hac vice*
> aestevez@morganlewis.com
> Morgan Lewis & Bockius  LLP
> 5300 Wachovia Financial Center
> 200 South Biscayne Boulevard
> Miami, Florida  33131-2339
> Telephone:  305.415.3330
> Facsimile:  877.432.9652

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Counsel for Plaintiffs, Linda D. Friedman, Esq., Mary Stowell, Esq., Ethan G. Zelizer, Esq., and Jennifer Schoen Gilbert, Esq., Stowell & Friedman Ltd., 321 S. Plymouth Court, Suite 1400, Chicago, Illinois 60604 on this 17th day of December, 2007.


s/      Anne Marie Estevez
        Anne Marie Estevez

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000