UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEVERLY BEREN, et al.,

    Plaintiffs,

vs.

RAYMOND JAMES FINANCIAL, INC., et al.,

    Defendants.

Case No. 8:08-cv-802-T-24 TBM

The Honorable Susan C. Bucklew

**Jury Trial Demanded**

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW IN LIEU OF RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS

Plaintiffs Beverly Beren, Bernadette Seprish, Pahoua Lee, Anne Robinson, Sita Monti, and Jean Reeve ("Plaintiffs") by and through their attorneys STOWELL & FRIEDMAN, LTD., hereby move this Honorable Court, pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 3.01, for leave to file an amended complaint in the above titled action in lieu of a response to Defendants' Partial Motion to Dismiss ("Motion"), and request 21 days in which to amend the same. In support of their motion, Plaintiffs state as follows:

### PROCEDURAL HISTORY[1]

1.     On September 26, 2007, Plaintiffs Beverly Beren, Bernedette Seprish, and Pahoua Lee timely filed their complaint against Defendants in Federal Court in the Northern District of Illinois. Their complaint contained class allegations of gender discrimination and

---

[1] In their motion, Defendants make many inaccurate and irrelevant statements in their characterization of the procedural history of this case which Plaintiffs, at this juncture, take issue with, but will refute if necessary in the appropriate pleading. For instance, Defendants imply that Plaintiffs falsified summonses, which is not only egregiously inaccurate, but insulting.

3586793      1

retaliation under Title VII and the Equal Pay Act, as well as individual claims of Age Discrimination (Plaintiffs Beren and Seprish) and Race Discrimination under Title VII (Plaintiff Lee).[2]

2. On October 16, 2007, Defendants moved to dismiss Plaintiffs' complaint. Because Defendants would not agree to an extension of time, Plaintiffs moved for additional time to respond to Defendants' motion. Notably, Defendants' current Motion mischaracterizes Plaintiffs need to obtain extra time, and paints them as insincere to this Court by stating that Plaintiffs filed their Amended Complaint "after obtaining an extension of time to respond to RJF's motion to dismiss based on their representation to the Court that Plaintiffs' lead counsel was unavailable for approximately four weeks leading up to the due date." *See* Dkt. 38 at p.3. As was explained to counsel, and as was clearly listed in Plaintiffs' motion filed with the Northern District of Illinois, lead counsel for Plaintiffs was on trial in another matter, and then had to leave the country shortly thereafter. The Court, like Defendants, was well aware of the Plaintiffs' need for the extension, and was able to consider the same in granting Plaintiffs' motion for extension of time.

3. On November 13, 2007, Plaintiffs filed an Amended Complaint ("Amended Complaint") that served to moot Defendants' motion. Since the filing of the initial complaint, Plaintiffs' counsel had been contacted by many women interested in being a part

---

[2] In response to Plaintiffs' complaint, on September 28, 2007, Defendants posted a statement about the lawsuit that went to each and every Raymond James employee throughout the country, and throughout all of their various subsidiaries, through "RJ NET," a shared intranet to which all Raymond James employees have access. Plaintiffs moved immediately to have the posting removed on the basis that the posting was inappropriate contact with putative class members, contained factual inaccuracies about the findings of the EEOC and the merits of the claim, and directed employees with questions about the lawsuit to forward their inquiries to *Raymond James* human resources and counsel. On October 9, 2007, the court ordered that this posting be removed.

of the case, including Plaintiffs Anne Robinson, Sita Monti, and former Plaintiffs Amy Soriano, Harriet Patterson, and Andrea Duda. Because their claims added new dimensions to the claims of the plaintiffs already in litigation, it appeared sensible to amend the complaint. Plaintiffs made the decision to do so, not only to add the new Plaintiffs, but also in an effort to cure some of the perceived deficiencies Defendants raised in their motion to dismiss. For example, although Plaintiffs disagreed that the original complaint did not properly place Defendants on notice of the claims against it, Plaintiffs amended their complaint to name the specific subsidiaries in the caption of the complaint, in addition to being mentioned in the body.

4. On December 17, 2007, Defendants filed a new motion to dismiss the Amended Complaint, on many of the same or similar grounds as contained in their original motion, including whether Plaintiffs' claims were timely and/or whether the Amended Complaint related back to the original complaint.

5. These issues were fully briefed, and in an oral ruling the Court, *inter alia*, determined that Plaintiffs' Amended Complaint related back to its original complaint and thus denied Defendants' Motion to Dismiss on the basis of statute of limitations. *See* Transcript of Proceedings before the Honorable James B. Zagel dated March 14, 2008, attached as Exhibit A. This case was subsequently transferred to this Court because venue was deemed improper in the Northern District of Illinois under the Title VII venue provision. *Id.*

6. Shortly after this case was transferred to this Court from the Northern District of Illinois, the parties began to engage in settlement negotiations. This Court aided those negotiations by issuing a stay of litigation and granting further extensions of that stay. *See e.g.* Dkt Nos. 25, 28 and 32.

7. Since this case's transfer, the parties have engaged in six full days of mediation over the course of three months: on August 5 and 6, 2008, in Tampa, Florida; on September 9, 2008 in Chicago, Illinois; on September 17 and 18, 2008, in Tampa, Florida; and on November 3 in Tampa, Florida. In the interim periods and since the last mediation in November 2008, the parties, through their counsel, have continuously engaged in negotiations, through phone calls and written and electronic correspondence.

8. While it appears that the remaining settlement negotiations have terminated or will terminate shortly, these efforts have resulted in the settlement of certain of the Plaintiffs' claims, thus changing the landscape of this case for both parties. *See e.g.* Dkt. Nos. 30, 31, 34. For this and other reasons, Plaintiffs now seek to amend their complaint.

## ARGUMENT

9. Plaintiffs should be permitted leave to amend their complaint because it would serve the interests of justice, aid the parties and this Court in full and fair litigation of the remaining issues, and provide clarity on issues that may otherwise be obscured.

10. Leave to amend should be given freely when justice so requires. Fed. R. Civ. P. 15(a); *Smith v. Sch. Bd.*, 487 F.3d 1361, 1366 (11th Cir. 2007).

11. Plaintiffs seek to amend their complaint in an effort to clarify the claims of the Plaintiffs who remain, and potentially cure any defects that may now be in their current

3586793

4

complaint, if any. Such an amendment would allow for judicial efficiency and help to eliminate potential confusion in litigation going forward.

12. Such clarity and repair of the complaint at this stage would allow for streamlined litigation and thus, promote judicial economy and preserve judicial and party resources going forward, potentially decreasing waste and needless motion practice. Further, Defendants are not prejudiced by Plaintiffs amending their complaint. Indeed, such an amendment may assist them in their defense of the remaining issues.

13. Allowing Plaintiffs to amend their complaint will also not delay the prosecution of this case. In fact, it may streamline the litigation of the issues, and negate any potential delay created by Defendants' recent filings. In Defendants' current Motion, they again argue expiration of the statute of limitations for Plaintiffs Beren, Seprish and Lee. *See* Dkt. No. 38. Defendants' argument was previously rejected by the Northern District of Illinois prior to the transfer of this case to this Court and is thus not only without merit, but is frivolous. *See* Exhibit A.

14. Thus, allowing Plaintiffs to amend their complaint would aid this Court and the parties, serve the interests of justice, would not create undue delay, and would not be futile. *See Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.*, No. 07-11342, 2009 U.S. App. LEXIS 2140, *19-20 (11th Cir. Feb. 4, 2009)(citing to *Foman v. Davis*, 371 U.S. 178, 182 (1962))(stating that "a district court may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment').

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter an order allowing them leave to amend their Complaint, and further order that they are allowed 21 days in which to do so.

\* \* \* \*

## CERTIFICATION PURSUANT TO M.D. FLA. L. R. 3.01(G)

Counsel for Plaintiffs certify that they have conferred with counsel for Defendants in a good faith effort to resolve the issues raised by Plaintiffs' Motion. The instant Motion was necessitated because Defendants' counsel would not agree to Plaintiffs' proposed amended complaint.

Dated: February 17, 2009

Respectfully Submitted on Behalf of Plaintiffs and all others similarly situated,

/s/ Jennifer Schoen Gilbert

Linda D. Friedman
Jennifer S. Gilbert
Stowell & Friedman, Ltd.
321 S. Plymouth Court
Suite 1400
Chicago, Illinois 60604
(312) 431-0888

3586793

## **CERTIFICATE OF SERVICE**

       I, Jennifer S. Gilbert, an attorney, hereby certify that on February 17, 2009, I caused a true and correct copy of the *Plaintiffs' Motion for Leave to File Second Amended Complaint, and Incorporated Memorandum of Law in Lieu of Response to Defendants' Partial Motion to Dismiss* to be served via email, facsimile and/or by filing with the Court using ECF upon:

       Anne Marie Estevez: *aestevez@morganlewis.com*
       Sharon A. Lisitzky: *slisitzky@morganlewis.com*
       Athalia E. Lujo: *alujo@morganlewis.com*
       Morgan Lewis & Bockius LLP
       5300 Wachovia Financial Center
       200 South Biscayne Boulevard
       Miami, Florida  33131-2339
       Fax: 305-415-3001
       E-Fax: 877-432-9652


                                          /s/  Jennifer S. Gilbert


Linda D. Friedman
Jennifer S. Gilbert
Stowell & Friedman, Ltd.
321 S. Plymouth Court
Suite 1400
Chicago, Illinois  60604
(312) 431-0888

7