UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEVERLY BEREN, et al.,

       Plaintiffs,

v.                                                    Case No. 8:08-cv-802-T-24 TBM

RAYMOND JAMES FINANCIAL,
INC., et al.,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Doc. No. 41.) Defendants oppose the motion. (Doc. No. 45.)

This case originated in the U.S. District Court for the Northern District of Illinois where Plaintiffs filed their complaint against Defendants for various gender and age discrimination and retaliation claims. Defendants moved to dismiss the original complaint, Plaintiffs were permitted to amend their pleading, and Defendants moved to dismiss the amended pleading as well. The case was then transferred to this Court. At the parties' request, the Court stayed this action while the parties negotiated from July through November of 2008. The negotiations resulted in the settlement of several, but not all, of the claims. The parties are prepared to litigate the remaining claims.

As directed by the Court, Defendants re-filed their motion to dismiss on February 9, 2009. This motion was revised from its two previous versions to include pertinent Eleventh Circuit caselaw and to address only those claims that are still pending before the Court. In the

motion, Defendants seek to dismiss the claims of Plaintiffs Beren, Seprish and Lee based on the statute of limitations. Rather than respond to this motion, however, Plaintiffs seek leave to file a Second Amended Complaint, and they request an additional 21 days to do so. The reason they identify for the amendment is that they wish to clarify the claims that remain.

Defendants strenuously oppose this request. They argue that Plaintiffs are attempting to buy time by filing a second amended complaint that will not obviate any of the issues in Defendants' motion to dismiss, but will needlessly extend this litigation and burden Defendants.

Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." The decision to allow leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). There must be a "justifying reason" for a court to deny leave to amend. *Id.* at 182, 83 S. Ct. at 230. Reasons justifying a denial include "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* at 182, 83 S. Ct. at 230.

The Court concludes that neither Plaintiffs' dilatory motive nor prejudice to Defendants are adequate grounds to deny leave to amend. Although the Court is able to discern which claims have been eliminated by the voluntary dismissals of several of the plaintiffs, the Court concludes that a second amended complaint that reflects those dismissals would promote judicial economy and streamline the issues for future litigation and trial. Indeed, three more plaintiffs have voluntarily dismissed their claims since this motion to amend was filed, thereby mooting in part Defendants' motion to dismiss.

The Court, however, will not permit Plaintiffs to unfairly prejudice Defendants by asserting new claims by existing or new parties. Nor will the Court permit Plaintiffs to unduly

delay filing the second amended complaint. Plaintiffs' request for an additional 21 days to file their second amended complaint is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 41) is **GRANTED** to the extent that Plaintiffs are directed to file their Second Amended Complaint on or before March 13, 2009. Defendants' Motion to Dismiss (Doc. No. 38) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2009.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record